DUCKER, JUDGE:
Claimant, Joann Rose DuPont, an employee of Hopemont State Hospital, formerly known as Hopemont Sanitarium, a hospital operated at Hopemont, West Virginia, by the respondent, a State agency, claims damages in the amount of $50,000 for injuries to her left eye resulting in the loss thereof and injuries to her face as the result of her face falling against a hot radiator pipe when she suffered an epileptic seizure in her room in Morgan Hall of the hospital, at about nine o’clock in the evening of March 10, 1972.
The claimant was employed as a food service helper at the hospital in September 1968 upon her employment application which indicated she had no physical defects, but later in order to qualify under the civil service system she filed an application indicating she had “seizures but not frequent”. The testimony was to the effect that she had epileptic seizures three or four times a month, and although claimant was not required to live on the hospital premises, she was *118 permitted to do so, and when she requested to be assigned to a room with other women on the second floor, she was given a room on the first floor to avoid the possibility, in the event of a seizure, of her falling down any steps. The room to which she was assigned was twelve by twelve feet in size with a walk-in closet, lavatory, night stand, big chair and bed. Also, there was a four foot long heat radiator, three feet high with a control knob a short distance up on the heat pipe from the floor. Claimant testified that it was very warm in the room that night but not hotter than ordinary and that she had turned the heat down.
On the evening of the accident, claimant had gone to her room and while there, had an epileptic seizure, fell to floor and remained unconscious for a short period. Alma Fretwell, the occupant of the room adjoining that of claimant heard a “thud”, the sound of claimant falling to floor, and, knowing that the claimant was subject to such seizures, the witness Frfetwell rushed into claimant’s room to help her. She found her unconscious lying on her back on the floor with her arms outstretched and with her face “just sort of rolled over and touched that pipe”, which was that part of the heat pipe extending from the floor to the control knob of the radiator. Another girl was called and they called a doctor and put claimant to bed. Doctor Hsang Lee and a nurse were called and a salve was prescribed and applied to claimant’s eye and surrounding face area, and two pain pills given and they advised claimant to see her own doctor. Claimant didn’t call for any help that night and said she felt “pretty good” the next morning, but her eye was closed on Sunday and she sought medical advice and finally received medical services at West Virginia University Hospital and in Pittsburgh, but lost the sight in her left eye with severe face scarring in that area.
Claimant alleges liability on the part of the respondent primarily on the basis of alleged negligence on the part of respondent in not providing a safe place for the claimant to live in view of the respondent’s knowledge of the claimant’s epileptic condition and necessity of extra requirements for her safety. Respondent denies liability on the basis that the circumstances did not require it to provide any safer place than was furnished and that the accident could not reasonably have been foreseen or anticipated. The case has been heard solely on the question of liability subject to the right of the claimant to *119 later prove damages, if the Court decided that here is liability on the part of the respondent.
Counsel for the parties have submitted excellent and helpful briefs of the law which they consider pertinent to the issues of the case. Many cases are cited as authority for the well settled doctrine that an employer must furnish an employee with a reasonably safe place in which to work and that such obligation was increased where a person with a handicap is the employee. However, such rule of a safe place to work does not extend to a safe place to live, unless the employee is required to live on the work premises. Here the claimant was not required to live at the hospital, but was afforded such accommodations for her own convenience. In our opinion the safe place to work is not the issue, but there is applicable the principle that the employee who was known to be subject to epileptic seizures was entitled to such protection against danger on the premises of the hospital as could be reasonably foreseen or anticipated. In order for the claimant to be entitled to recover, her case must be based on what amounted to negligence on the part of the respondent, and in this con-
nection the rule is set forth in the cases of Puffer v. Hub Cigar Store, Inc., 140 W. Va. 327, 84 S.E. 2d 145, and Griffin v. Baltimore & O. RR., 98 W.Va. 168, 126 S.E. 571, 40 ALR 1326, and the Court in the Griffin case stated such rule in the following language:
“The master is not compelled to foresee and guarantee against an accident which reasonable and prudent men would not expect to happen, nor to warn his servants of dangers not reasonably to be anticipated.”
The primary question, if not the sole question, in this case is whether the failure of the hospital authorities to provide complete protection for the claimant against injuries she might sustain in regard to the radiator and the pipe leading to the radiator control from the floor, constituted actionable negligence on the part of the respondent.
In reaching a conclusion in this matter, it is well to consider several facts relating to the situation, namely: Claimant is 37 years of age, a high school graduate, a victim of epileptic seizures since she was eleven years of age, and an employee of the hospital for approximately four years; she was employed by the hospital through some assistance by the Sheriff of her county, denying on her first employment application having any physical disability, although almost two years later *120 on her second application, she specified such fact; her work was not hazardous but only in regard to the kitchen preparation of food service trays; she was given a private room on the first floor so that she would have no danger on steps, and she was given immediate aid when she fell in her room the night of the accident; the radiator had been turned off and apparently only the small pipe extending from the floor to the radiator control knob remained hot; there was only the usual and minimum amount of furniture in the room; claimant had occupied the room for about four years; and there has been no evidence to show that the medical aid furnished her was insufficient or improper at the time according to the circumstances and conditions then existing.
The claimant’s case is based upon alleged negligence, and particularly upon the assertion that the respondent should have had the radiator and pipe adequately covered or protected so that the claimant would have been protected against injury from the heated radiator and pipe in the event of a fall against it by claimant in one of her epileptic seizures. As has been shown the claimant was furnished a room adequate for her purpose with nothing therein which could be considered dangerous to her, unless it was the radiator. There is no evidence to indicate that the room was not satisfactory to her who is an adult fully capable of judging such fact and of complaining if justified. She is 37 years of age, had been subject to seizures since she was eleven years of age, had occupied the room for four years, and on this occasion had turned off the radiator prior to her fall. The law only required the employer respondent to foresee and anticipate what might be reasonably expected to happen, not guarantee an employee safety against all possible hazards. A further reason for concluding there is no liability is the fact that the place of the accident was not in her work but in her room, which she was not required to occupy as a part of her employment.
The evidence in the case does not support the theory that an injury such as is involved here was one which could have been reasonably foreseen or anticipated by anyone. That the claimant would have fallen, even in an epileptic seizure, where her face would come in contact with a small section of pipe extending from the floor only a short distance to the radiator control knob, can hardly be considered probable.
*121 While it is not an aspect affecting the question of liability, the Court is not unmindful of the kindness of its officials in eliminating unemployment by the employment of a handicapped person as in this case, and feels there is a certain amount of lack of gratitude when such handicapped person so employed seeks recompense for such an unusual accident as is here involved. Although this Court naturally has the greatest sympathy for the claimant in this matter, it must follow the law as it interprets it and conclude that what happened in this case was not a reasonably or anticipatively foreseeable result of the lack of safety precautions required of the respondent. Accordingly, the Court is of the opinion to, and so holds that the respondent is not liable and makes no award to the claimant herein.
No award.